ARTHUR, J.,
concurring.
I agree with the majority that PU section 12-135 is not an unconstitutional delegation of the judicial power. I also agree with the Authority and the circuit court that, because the statute concerns health and safety, because the statute itself defines a very narrow set of circumstances in which the Authority may impose a penalty, and because an aggrieved *703 party has the right to judicial review of the Authority’s decision, the General Assembly has not impermissibly vested the Authority with standardless discretion. I would, however, end the analysis there. I would not decide whether the Authority is a “unit of State government” — ie., “an entity in the Executive Branch” (SG section 10-1001(a)) — that is required to consider the specific factors in SG section 10-1001(b).
Not only did the parties not brief or argue that issue, but it is less than entirely clear that the Authority meets the statutory standard in SG section 10-1001(a). The Authority’s website asserts that “is not a state agency and is prohibited by law from receiving any state budget funds or appropriations.” http://www.mddpa.org (last visited April 21, 2015). Moreover, although its “members” “are appointed by the Governor,” it “is a stakeholder-run organization that has the ability to enforce the Miss Utility Law in the form of mandatory training or fines for violators.” Id. In fact, in this case, the Authority was defended not by the Attorney General, but by private counsel.
In short, I would leave the applicability of SG 10-1001 for another day, when the parties have fully briefed and argued the issue.